# EXHIBIT A

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
ALI S. CARLSEN, State Bar No. 289964
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Susana Valdez

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**10/23/2018** at 01:29:18 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SUSANA VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FAIRWAY INDEPENDENT MORTGAGE CORPORATION, a Texas corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2018-00053677-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Overtime;<br>2. Failure to Provide Meal Periods;<br>3. Failure to Permit Rest Breaks;<br>4. Failure to Pay All Wages Due Within the Required Time and Upon Separation of Employment;<br>5. Failure to Furnish Accurate Wage Statements; and<br>6. Violation of Business and Professions Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Exhibit A
4

Plaintiff Susana Valdez, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1. Plaintiff Susana Valdez ("Plaintiff") brings this putative class action pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and all non-exempt employees employed by, or formerly employed by, FAIRWAY INDEPENDENT MORTGAGE CORPORATION; and DOES 1 through 20, inclusive (collectively, "Defendants") within the State of California.

2. Defendants are in the business of providing personal mortgage lending services.

3. Through this action, Plaintiff is alleging that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4. Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

    (a) Failing to pay overtime wages;

    (b) Failing to provide meal periods or compensation in lieu thereof;

    (c) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

    (d) Willfully failing to provide accurate, semi-monthly itemized wage statements; and

    (e) Failing to pay all wages due upon separation of employment.

5. Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all other members of the general public similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorney's fees, costs and expenses and penalties (to the extent permitted by law) pursuant to Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, and 1198.

///

-1-

CLASS ACTION COMPLAINT

Exhibit A
5

## JURISDICTION AND VENUE

6. This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this Court because, upon information and belief, Defendants reside, transact business or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10. Plaintiff Susana Valdez is a citizen of California. Plaintiff was employed by Defendants during the Class Period in California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants were and are corporations doing business in California and, at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees are engaged throughout this county and the State of California.

12. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named Defendants once their names and capacities become known.

13. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are the partners, agents, owners, shareholders, managers or employees of Defendants, at all relevant times.

14. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15. At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all other members of the general public similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

18. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19. Plaintiff's proposed class consists of and is defined as follows:

Class:
All California citizens currently or formerly employed as non-exempt employees by Defendants in California within four years prior to the filing of the Complaint to the date of class certification.

20. Plaintiff also seeks to certify the following Subclass:

Waiting Time Subclass:
All Class members who separated their employment from Defendants within three years prior to the filing of this Complaint to the date of class certification.

-3-

CLASS ACTION COMPLAINT

Exhibit A
7

21. Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate.

22. Members of the class and subclass described above will be collectively referred to as "class members." Plaintiff reserves the right to re-define the above class and subclass and add additional subclasses as appropriate based on investigation, discovery and specific theories of liability.

23. This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

    a. Whether Defendants required Plaintiff and class members to work over 8 hours per day, over 12 hours per day and/or over 40 hours per week and failed to pay them proper overtime compensation;

    b. Whether Defendants improperly calculated Plaintiff's and class members' overtime rate by not including bonuses, commissions, other incentive pay and shift differentials into their regular rate of pay;

    c. Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work through meal periods;

    d. Whether Defendants deprived Plaintiff and class members of paid rest breaks or required Plaintiff and class members to work through rest breaks;

    e. Whether Defendants failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

    f. Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements; and

    g. Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

24. There is a well-defined community of interest in this litigation and the proposed class and subclasses are readily ascertainable:

    (a) <u>Numerosity</u>: The members of the class and subclass are so numerous that joinder of all members is impractical. Although the members of the entire class and subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated to be greater than one hundred (100) individuals. The identities of the class and subclass are readily ascertainable by inspection of Defendants' employment and payroll records.

    (b) <u>Typicality</u>: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the class and subclass, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

    (c) <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of all members of the class and subclass because it is in her best interests to prosecute the claims alleged herein to obtain full compensation and penalties due her and the class and subclass. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorney's fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    (d) <u>Superiority</u>: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at

the same time for the entire class and subclass. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e) <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

25. At all relevant times mentioned herein, Defendants employed Plaintiff and other persons as non-exempt employees.

26. Defendants employed Plaintiff in a non-exempt position at Defendants' California business location during the relevant time period.

27. Defendants continue to employ non-exempt employees within California.

28. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California wage and hour laws, employment and personnel practices and the requirements of California law.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members were not properly paid for all of their overtime work because Defendants improperly calculated the overtime rate by failing to include performance bonuses, commissions, other incentive pay and shift differentials in the computation of their regular rate of pay.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or

-6-

payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest break was missed.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Waiting Time Subclass members were entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, Plaintiff and Waiting Time Subclass members did not receive payment of all wages including, but not limited to, unpaid minimum wage and overtime compensation, within permissible time periods.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiff and class members were not furnished with complete and accurate wage statements showing their accurate gross and net wages, and the number of hours worked at each applicable hourly rate, among other things.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and class members, and Defendants had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendants' profits.

///

///

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

35. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

36. Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

37. Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day.

38. Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

39. During the relevant time period, Defendants failed to pay Plaintiff and class members overtime wages for all overtime hours worked.

40. In violation of state law, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned and all hours worked, by failing to include in Plaintiff and class members' overtime rate the amount that they earned in performance bonuses, commissions, other incentive pay and shift differentials, among other things.

41. Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

42. Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation as well as interest, costs and attorneys' fees.

Exhibit A
12

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

43. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

44. Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

45. Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

46. Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

47. Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

48. During the relevant time period, Plaintiff and class members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because, among other things, Defendants did not provide timely meal periods for shifts over five hours, and Defendants did not provide a second meal period for shifts over 10 hours.

///

///

-9-

CLASS ACTION COMPLAINT

Exhibit A

13

49. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

50. At all relevant times, Defendants failed to pay Plaintiff and class members the full meal period premium for missed and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

51. As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## THIRD CAUSE OF ACTION

### FAILURE TO PERMIT REST BREAKS

**(Violation of Labor Code § 226.7; Violation of IWC Wage Order § 12)**

52. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

53. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

54. Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

55. During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

56. Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

-10-

57. At all relevant times, Defendants failed to pay Plaintiff and class members the full rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

58. As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

**(Violations of Labor Code §§ 201, 202 and 203)**

59. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

60. Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

61. During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members who are no longer employed by Defendants all their earned wages upon termination including, but not limited to, proper overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

62. Defendants' failure to pay Plaintiff and Waiting Time Subclass members who are no longer employed by Defendants all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

63. Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

-11-

64. Plaintiff and class members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff and class members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## FIFTH CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

### (Violation of Labor Code § 226)

65. Plaintiff hereby incorporates all previous paragraphs of this Complaint as though fully set forth herein.

66. California Labor Code § 226(a) requires employers to furnish their employees with an accurate itemized writing that shows gross wages earned, total hours worked, all deductions and reimbursements, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number as required by law, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

67. Defendants have intentionally and willfully failed to provide Plaintiff and class members with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class members.

68. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in

-12-

these efforts and incur these costs had Defendants provided the accurate wages earned. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

69. California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

70. Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

71. Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(g), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SIXTH CAUSE OF ACTION

## **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

72. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff, class members and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

74. Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

///

75.  A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

76.  Defendants' policies and practices have violated state law in at least the following respects:

(a) Failing to pay Plaintiff and class members all overtime compensation in violation of Labor Code §§ 200 *et seq.*, 510, 1194, and 1198;

(b) Failing to provide meal periods without paying Plaintiffs and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(c) Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

(d) Failing to timely pay all earned wages to Plaintiff and Waiting Time Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and 203; and

(e) Failing to provide accurate, itemized wage statements to Plaintiff and class members in violation of Labor Code § 226.

77.  Defendants intentionally avoided paying Plaintiff's and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

78.  Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint; an award of attorney's fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

///

///

///

Exhibit A

18

## PRAYER FOR RELIEF

Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification of this action as a class action;
2. For appointment of Susana Valdez as the class representative;
3. For appointment of Aegis Law Firm, PC as class counsel for all purposes;
4. For compensatory damages in an amount according to proof with interest thereon;
5. For economic and/or special damages in an amount according to proof with interest thereon;
6. For reasonable attorney's fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194;
7. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;
8. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;
9. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;
10. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties;
11. For pre-judgment interest; and
12. For such other relief as the Court deems just and proper.

Dated: October 23, 2018　　　　　　　AEGIS LAW FIRM, PC

By: _____
Ali S. Carlsen
Attorneys for Plaintiff Susana Valdez

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: October 23, 2018

AEGIS LAW FIRM, PC

By: _____
Ali S. Carlsen
Attorneys for Plaintiff Susana Valdez